IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JONAH SANDERS,

    Plaintiff,

v.                                  CIVIL ACTION NO.: CV514-072

BRIAN OWENS, Commissioner, and
GLEN JOHNSON, Warden,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Walker v. Dugger</u>, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that he was placed in administrative segregation after reporting a female officer's alleged sexual advances. Plaintiff also asserts he refused the female officer's advances, and she spread rumors about him being an informant. Plaintiff contends he asked Defendant Johnson to "ship" him, (doc. no. 1, p. 5), and Defendant Johnson spread rumors about him that he was tricking other inmates and that the other inmates should "do something" to Plaintiff. (Id.). Plaintiff contends that he wrote to Lieutenant Steedly and informed him that he feared for his life, but nothing was done. Plaintiff contends that he has requested placement in a facility with mental health services, as he has a history of anxiety and depression. Plaintiff also contends that he wrote the chaplain and requested a vegan diet for religious reasons, and he has not received such a diet. Plaintiff asserts that he has lost twelve pounds. Plaintiff also names as a Defendant Brian Owens, the Commissioner for the Georgia Department of

AO 72A
(Rev. 8/82)

Corrections. Plaintiff seeks injunctive relief to stop the harassment and to be placed in an institution where he can obtain mental health services and a vegan diet, as well as monetary damages.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff makes no factual allegations against Defendant Owens, and his claims against Defendant Owens should be **dismissed**.

Additionally, in section 1983 actions, liability must be based on something more than a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged

AO 72A
(Rev. 8/82)

deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011). Plaintiff's claims against Defendant Owens should be **dismissed** for this reason, as well.

Moreover, a plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Plaintiff has not shown how his various claims are related. Plaintiff's claims should be **dismissed** as a result.

Further, to be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff has not satisfied all of the prerequisites; therefore, his request for injunctive relief should be **denied**.

In addition, on the "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983", a prisoner is asked whether he has "brought any lawsuits in federal court which deal with facts other than those involved in this action[.]" Plaintiff answered this question in the negative, under penalty of perjury. (Doc. No. 1, pp. 2, 6). Plaintiff has filed three (3) federal lawsuits on previous occasions, each in this

Court: CV613-11; CV514-22; and CV514-47. Plaintiff's Complaint should be **dismissed** as an abuse of judicial process for answering a question untruthfully under penalty of perjury. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (upholding district court's dismissals for abuse of judicial process because plaintiff answered untruthfully, under penalty of perjury, about the existence of prior lawsuits), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted and as a sanction for abuse of judicial process.

**SO REPORTED** and **RECOMMENDED**, this 4th day of December, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)